SO ORDERED.

Dated: October 25, 2019

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| POTENTIAL DYNAMIX, LLC, | Case No.: 2:11-bk-28944-DPC |
| Debtor. | Adversary No.: 2:13-ap-00799-DPC |
| TIMOTHY H. SHAFFER, Chapter 11 Trustee, | **UNDER ADVISEMENT ORDER REGARDING DISCOVERY DISPUTES** |
| Plaintiff, | |
| v. | **[NOT FOR PUBLICATION]** |
| AMAZON SERVICES LLC, | |
| Defendant. | |

Before this Court is the Motion[1] (the "Expert Discovery Motion") of Defendant Amazon Services LLC ("Defendant" or "Amazon") to compel discovery from Plaintiff, Timothy H. Shaffer, Chapter 11 Trustee ("Plaintiff") as well as Plaintiff's request[2] to reset a hearing on his April 10, 2015 Motion[3] to Compel Production of Documents Claimed to be Privileged (the "Gibson Motion"). The Court now partially grants Defendant's Expert Discovery Motion and denies Plaintiff's Gibson Motion.

## I.  JURISDICTION

This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (O) and 1334 and Bankruptcy Rule 7026.

---

[1] Docket Entry 195. All docket entries ("DE") mentioned in this Order reference the docket in this adversary proceeding ("Adversary Proceeding"), unless otherwise noted.
[2] DE 197.
[3] DE 48.

## II. BACKGROUND

Potential Dynamix, LLC ("Debtor") filed its voluntary chapter 11 bankruptcy on October 13, 2011. Debtor has never confirmed a chapter 11 plan in this case. Plaintiff was appointed Debtor's chapter 11 trustee on January 27, 2012.[4] Debtor was allegedly, at one time, Defendant's largest volume customer. Debtor listed up to 30,000 products for sale on Defendant's internet-based platform.[5] On April 12, 2013, Defendant terminated Debtor's ability to sell products on Defendant's platform.[6] Since Defendant's platform was the principal (if not only) place where Debtor sold its products, upon Defendant's termination of Debtor's access to Defendant's platform, Debtor was instantly out of business. Debtor contested Defendant's right to deny Debtor's access to Defendant's internet platform. On September 18, 2013,[7] this Court entered its order, among other things, confirming Defendant's right to terminate its agreements with Debtor.

On July 9, 2013, Trustee brought this Adversary Proceeding initially alleging $1.5 million in damages resulting from lost inventory and withheld sales revenue. On May 10, 2019, Trustee disclosed an expert report ("Morones Report") authored by Serena Morones ("Morones"). The Morones Report attempts to analyze data related to Debtor's and Defendant's transactional history between January 1, 2008 and January 31, 2014. Debtor contends that over 6.3 million transactions occurred involving Debtor and its inventory placed in Defendant's hands.[8] It is this transactional history between the parties that is the focus of the discovery disputes before this Court.

### A. The Gibson Motion

In the Gibson Motion, Plaintiff asks that this Court compel Defendant to turnover Defendant's internal communications that reflect the basis for Defendant's termination of its contracts with Debtor. The Gibson Motion was initially heard by this Court on July 8, 2015, but

---

[4] Administrative DE 110.
[5] Debtor's Disclosure Statement at Administrative DE 219, page 5.
[6] Administrative DE 243, p. 1, l. 22
[7] Administrative DE 364.
[8] DE 210, p. 14.

was tabled because the Gibson Motion was not accompanied by the "meet and confer" certificate required by former Local Rule 9013-1(e). Plaintiff now seeks to reset a hearing on the Gibson Motion. Plaintiff attached a LR 9013-1 certificate with his motion to reset the Gibson Motion for hearing. Defendant claims Plaintiff withdrew the Gibson Motion, that Plaintiff is not entitled to the privileged documents sought and, in any event, the discovery sought is moot because this Court already found that Defendant properly terminated its contracts with Debtor.

### B. The Expert Discovery Motion

In the Expert Discovery Motion, Defendant seeks Plaintiff's production of all information that Morones considered in the preparation of the Morones Report. The Expert Discovery Motion is the culmination of a series of discovery disputes and hearings held by this Court over this past summer. Defendant cites this Court to Bankruptcy Rule 7026 as well as Defendant's 2017 and 2019 written discovery to Plaintiff and its 2019 subpoenas of Morones and Jeffrey A. Cone ("Cone"). Plaintiff counters Defendant's Expert Discovery Motion by once again noting all of what Defendant is entitled to receive under Bankruptcy Rule 7026 will be produced. Plaintiff has not committed to a date by which this production will take place. Plaintiff also contends Defendant's 2019 written discovery requests and the 2019 supboenas of Morones and Cone are barred by this Court's stipulated scheduling order. Plaintiff complains about the costs and time expenditure that will be incurred in responding to Plaintiff's discovery requests.

A number of the issues pertaining to the Expert Discovery Motion were resolved at this Court's October 17, 2019 hearing.[9] What was not resolved on October 17, 2019, were (1) Defendant's discovery demands pertaining to information considered by Morones in the preparation of her report, beyond the information supplied to her by Mr. Ashworth, (2) the Bates stamping of Plaintiff's discovery productions, (3) the costs of production as well as the fees and costs incurred by the parties in these discovery disputes, (4) what to do about Defendant's 2017 and 2019 written discovery, and (5) the 2019 subpoenas of Morones and Cone.

---

[9] See this Court's October 23, 2019 minute entry at DE 215.

## III. FINDINGS

### A. The Gibson Motion

The Gibson Motion[10] was filed on April 10, 2015. Defendant responded[11] and Plaintiff replied.[12] This Court heard the matter on July 8, 2015, but did not address the substance of the parties' arguments because Plaintiff failed to file the certificate required by former LR 9013-1. Nothing happened with the Gibson Motion for the next four years. Finally, on September 9, 2019, Plaintiff filed his request[13] to reset the Gibson Motion for hearing. That request was accompanied by Plaintiff's counsel's LR 9013-1 certificate.

The Court is baffled by the extraordinary delay in Plaintiff re-urging resolution of the Gibson Motion. Plaintiff's recent filings do not explain why it took so long for Plaintiff to again address this issue. Nor does Plaintiff explain why he contends the Defendant waived the privilege relative to the discovery sought by Plaintiff. What Plaintiff's response[14] to Defendant's opposition[15] does clear up is that Plaintiff is only looking for a single document which is an email thread identified in Exhibit A to the Gibson Motion.

This Court now finds that, while Plaintiff did not waive or withdraw the Gibson Motion, Defendant has not waived the privilege which was properly asserted by Defendant relative to this internal Amazon communication involving Defendant's internal counsel, Gibson. This single document is covered by the attorney-client privilege. More importantly, to the extent this single document might shed light on what motivated Defendant to terminate its contract with Debtor, this issue is no longer pertinent to this Adversary Proceeding because this Court has already determined Defendant's termination of its contracts with the Debtor was properly accomplished. In other words, the Gibson Motion is moot.

---

[10] DE 48.
[11] DE 65.
[12] DE 79.
[13] DE 197.
[14] DE 211
[15] DE 200.

4

**B. The Expert Discovery Motion**

Plaintiff ably identifies the seven general categories of issues subsumed within Defendant's Expert Discovery Motion:

1. Failure to provide documents with the Morones Report;
2. Amazon's Third Document Request of the Trustee;
3. Scope of Amazon's subpoenas and document request to Morones;
4. The cost associated with the production;
5. The Cone Software Program;
6. Prior production of Amazon data and QuickBooks; and
7. Deposition of Matthew Schmidt.[16]

This Court's oral ruling on October 17, 2019 (memorialized by the Court's minute entry order dated October 23, 2019[17]) resolved issue #s 5, 6 and 7, and partially resolved issue # 1 (Mr. Ashworth's transmissions to Morones must be produced by Plaintiff to Defendant no later than October 25, 2019). The Court now addresses the balance of issue # 1 as well as issue #s 2, 3 and 4.

Rule 26(a)(2)(B) states:

> (2) Disclosure of Expert Testimony.
>
> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

---

[16] DE 210, p. 3, l. 26 through p. 4, l. 7.
[17] DE 215.

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Plaintiff acknowledges he has not yet produced to Defendant all of the documentation required by this Rule. The Court already required Plaintiff to supply to Defendant, no later than October 25, 2019, all information transmitted to Morones by Mr. Ashworth. Now the Court orders Plaintiff to provide to Defendant by November 30, 2019, (1) all information transmitted to Morones by Cone in connection with her work in this Adversary Proceeding; (2) all communication and transmissions to and from Morones concerning her expert engagement in this Adversary Proceeding; and (3) everything Morones considered in connection with preparation of her expert report in this Adversary Proceeding. All of these documents must be Bates stamped. Plaintiff shall bear the costs of these document productions and the Bates stamping. However, to the extent the Morones Report considered electronic inventory records and transactional records generated by Amazon, that information may simply be identified by Plaintiff by one document number and one title and the date it was delivered to Morones by Debtor and/or Plaintiff.

As to Defendant's third document request, that is written document requests issued by Defendant in 2019, the Court hereby quashes such requests. The Court views these requests as largely duplicative of Defendant's 2017 written discovery requests. Those 2017 requests, however, must be answered by Plaintiff no later than November 30, 2019. Documents produced pursuant to these 2017 discovery requests must be Bates stamped at Plaintiff's expense, except to the extent noted in the immediately proceeding paragraph of this Order.

As to Defendant's 2019 subpoenas to Morones and Cone, those subpoenas are hereby quashed. The parties are directed to cooperatively work on dates for Defendant to depose Morones, Cone and/or Ashworth no sooner than 30 days after Plaintiff complies with the document production components of this Order but, in any event, no later than February 28, 2020.

To the extent Plaintiff seeks fees and/or costs in connection with the discovery issues addressed in this Order or the Court's October 23, 2019 minute order, such requests are denied. Plaintiff is largely responsible for the failure to produce discovery requested by Defendant and

will not now be rewarded for such failures. To the extent Defendant seeks an award of fees or costs in connection with the discovery issues addressed in this Order or the Court's October 23, 2019 minute order, the Court hereby orders that such issues shall abide the final disposition of this Adversary Proceeding.

In responding to Defendant's 2017 discovery requests, should Plaintiff believe those requests are overly broad or opaque, Plaintiff may find it useful to be guided by the greater discovery specificity supplied in Defendant's 2019 discovery requests. In the event Plaintiff believes Defendant's 2017 discovery requests impermissibly seek privileged documents or other information, Plaintiff must provide Defendant a written privilege log in accordance with Rule 26(b)(5) no later than November 30, 2019. Should Plaintiff fail to timely and fully respond to Defendant's 2017 discovery requests and/or fail to comply with this Order or the Court's October 23, 2019 minute order, the Court will entertain a written motion by Defendant seeking to bar admission of the Morones Report.

Finally, this Court is mindful that the parties in this Adversary Proceeding have repeatedly violated orders of this Court and have disregarded the Local Rules of the U.S. Bankruptcy Court for the District of Arizona. To the extent pleadings filed hereafter by the parties exceed the page limits set forth in Local Rule 9013-1, the Court shall ignore all material in excess of the page limitations. To the extent pleadings are filed untimely, they shall be stricken from the record. To the extent the parties fail to adhere to the scheduling order currently in effect (or as hereafter modified), this Court shall entertain a written motion from the non-offending party seeking an appropriate sanction against the offending party. Should any party seek relief from any deadlines imposed by this Court or by the Bankruptcy Rules or Local Rules, the Court will consider such relief only if such request is reduced to writing and filed with this Court prior to the expiration of the deadline in question.

## IV. CONCLUSION

Based on the foregoing, the Court hereby denies the Gibson Motion and hereby partially grants the Expert Discovery Motion.

**IT IS HEREBY ORDERED** setting a status hearing for this Adversary Proceeding on **December 11, 2019, at 11:00 a.m.**, at which time the Court will (1) inquire into the status of compliance with this Order and the October 23, 2019 minute order, (2) discuss the schedule governing this Adversary Proceeding and any appropriate or requested changes to the schedule, and (3) entertain any other business concerning this Adversary Proceeding.

**DATED AND SIGNED ABOVE**.