SO ORDERED.

Dated: August 12, 2020

*Daniel P. Collins*

**Daniel P. Collins, Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **In re:** | Chapter 11 Proceedings |
| **POTENTIAL DYNAMIX LLC,** | Case No.: 2:11-bk-28944-DPC |
| **Debtor.** | Adversary No.: 2:13-ap-00799 |
| **TIMOTHY H. SHAFFER, Chapter 11 Trustee,** | **ORDER RESOLVING DISCOVERY DISPUTE** |
| **Plaintiff** | |
| **v.** | **(Not for Publication)** |
| **AMAZON SERVICES LLC,** | |
| **Defendant.** | |

Before the Court is the issue of the permissible scope of depositions to be taken by Amazon Services LLC ("Defendant"). Defendant wishes to depose Jeff Cone ("Cone") and Stephen Ashworth ("Ashworth"). Plaintiff, Timothy H. Shaffer ("Plaintiff"), does not contest Defendant's ability to depose Cone or Ashworth, but wishes to have the scope of their depositions limited.

On August 10, 2020, this Court held a hearing on a discovery dispute in this matter. Both Plaintiff and Defendant referenced several cases at that hearing and subsequently filed supplemental briefs.[1] At the hearing and in Plaintiff's Memorandum, Plaintiff conceded that Defendant is permitted to depose Cone and Ashworth. Cone worked closely with Serena Morones ("Morones") in the preparation of her expert report for Plaintiff. It appears Cone may have penned a significant portion of Morones' expert report. Ashworth provided a considerable body of

---

[1] Plaintiff's Memorandum Regarding Discovery Dispute was filed at DE 253 and Defendant's Supplemental Authority in Support of Its Motion to Compel Expert Testimony was filed at DE 254. "DE" references a docket entry in the adversary proceeding 2:13-ap-00799-DPC.

information to Morones, including two reports he had earlier prepared for Plaintiff. Ashworth is a consulting expert for Plaintiff but neither Ashworth nor Cone are opining experts for the purposes of this Adversary Proceeding.

The issue before this Court is whether Cone and Ashworth may be examined by Defendant regarding their opinions concerning the opinions of Plaintiff's testifying expert Morones and whether Cone's or Ashworth's opinions support or undermine Morones' expert opinions.

Plaintiff argues that such questioning is impermissible under Federal Rule of Civil Procedure 26(b)(4)(D) and the questioning of Cone and Ashworth must be limited to their involvement in assisting in the preparation of Morones' expert report. Plaintiff expressly disputes Defendant's ability to question Cone or Ashworth concerning their own opinions about matters at issue in the case.

Defendant argues that questioning Cone and Ashworth about their opinions of Morones' expert report is permitted because they have adequately demonstrated exceptional circumstances exist in this case. Defendant focuses on this Court's October 25, 2019 Under Advisement Order Regarding Discovery Disputes[2], several cases and the fact that Cone and Ashworth substantially participated and collaborated with Plaintiff's expert in the preparation of her expert report.

Federal Rule of Civil Procedure 26(b)(4)(D) provides:
*Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
…
(ii) on showing exceptional circumstances under which is impracticable for the party to obtain facts or opinions on the same subject by other means.

Even when courts have found that the party seeking to depose a non-testifying expert met their burden to demonstrate the existence of exceptional circumstances, such a deposition cannot be open-ended. *Hahnenkamm, LLC v. United States*, 145 Fed. Cl. 68, 71 (U.S. Ct. Fed. Cl. 2019) (stating "Hahnenkamm has met its burden of showing that exceptional circumstances apply here…[t]hat is not to say that deposition of Mr. Schneider should be open ended."). The court in

---
[2] DE 216.

*Hahnenkamm* expressly prohibited questioning Mr. Schneider about "any opinion that he may have developed in the course of [his] work." *Id.*

None of the cases cited by Defendant in the first five pages of its Supplemental Authority[3] support their argument that questioning Cone or Ashworth on their opinions is permissible. *Pinal Creek Group* is a case regarding the work product doctrine and only ordered the deposition of non-testifying experts. *Pinal Creek Grp. v. Newmont Min. Corp.*, 2006 WL 1817000, at 7 – 9. *Pinal Creek Group* provides the solution which this Court will endorse. That is, deposing Cone and Ashworth on their involvement in assisting Morones in preparing her expert report and on any communications between Cone or Ashworth and Morones. The information gleaned from Cone and Ashworth will then presumably be used by Defendant to cross-examine Morones.

This Court will not specifically enumerate or outline the types of questions Defendant is permitted to ask Cone or Ashworth at their depositions. Nor will this Court permit Plaintiff to instruct Cone or Ashworth to refuse to answer questions Plaintiff believes are outside the scope of this Order. Instead, this Court agrees with the approach discussed in *Interface Group – Nevada, Inc. v. Men's Apparel Guild in Cal., Inc.* To the extent that questioning concerns Cone's drafting of the expert report, Defendant is permitted to ask about the basis underlying his written product. However, Defendant may not ask either Cone or Ashworth whether they have opinions which differ from Morones' expert report opinions nor may Defendant ask if Cone or Ashworth have additional opinions or whether they agree or disagree with the opinions expressed in Plaintiff's expert report. *Interface Group – Nevada, Inc. v. Men's Apparel Guild in Cal., Inc.*, 2006 WL 8441913, at *4 (D. Nev. 2006). Similar to the court in *Interface Group*, this Court recognizes that there is a "fine line" as to proper questions. Plaintiff's counsel is reminded that nothing in this order precludes making a proper record through appropriate objections to questions it deems outside the permissible scope of examination.

**IT IS HEREBY ORDERED** directing Cone and Ashworth be available for deposition.

---

[3] The Court ordered Plaintiff and Defendant to file briefs not exceeding 5 pages. The substantive portion of Defendant's brief is 6 pages long. As promised, the Court stopped reading Defendant's brief at the conclusion of page 5. See also DE 216, page 7, lines 16-18.

1     **IT IS FURTHER ORDERED** that Defendant's counsel is not to ask questions directly
2 related to Cone or Ashworth's opinions about Morones" expert report.
3     **IT IS FURTHER ORDERED** that Plaintiff's counsel is to refrain from directing Cone
4 or Ashworth to refuse to answer any questions posed by Defendant's counsel.
5 **DATED AND SIGNED ABOVE**.